UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| LANA MOREHEAD, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 5: 13-329-DCR |
| | ) |
| V. | ) |
| | ) |
| RHONDA A. BARNETT, in her Official | ) **MEMORANDUM OPINION** |
| Capacity as County Clerk, Powell County, | ) **AND ORDER** |
| Kentucky, | ) |
| | ) |
| Defendant. | ) |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Defendant Rhonda A. Barnett, sued in her official capacity as the county clerk of Powell County, Kentucky, has filed a motion for partial judgment on the pleadings regarding Counts Two, Three, and Four of Plaintiff Lana Morehead's Complaint. [Record No. 10] Barnett argues that these claims should be dismissed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure because they are barred by the doctrine of sovereign immunity. For the reasons outlined below, the Court agrees; therefore, the defendant's motion will be granted.

**I.**

Plaintiff Morehead is a former assistant county clerk who previously worked under Defendant Barnett, the county clerk of Powell County, Kentucky. While Morehead was employed as an assistant county clerk, a dispute arose with Barnett regarding Morehead's compensation. [Record No. 1, pp. 5-6] Through an open records request under Kentucky law,

Morehead sought and received information regarding the salaries of all employees in the county clerk's office. [*Id.*, ¶14] Thereafter, Morehead's employment ended.[1] [Record No. 1, ¶17]

Morehead makes a number of allegations regarding Barnett's actions as a county clerk, including that Barnett has substance-abuse problems, fabricated a budgetary crisis, and that Barnett was often absent from the office without explanation. [*See* Record No. 1.] She alleges the following causes of action against Barnett in her official capacity: (i) a private cause of action under the federal Consolidated Omnibus Budget Reconciliation Act of 1986 ("COBRA") (Count One); (ii) a wrongful discharge claim related to Barnett's alleged alcohol abuse (Count Two); (iii) a wrongful discharge in violation of public policy claim (Count Three); (iv) fraud (Count Four); and (v) wage and hour claim under Kentucky law (Count Five). [Record No. 1] Morehead requests that Barnett grant her benefits under COBRA. She also seeks to recover compensatory damages, liquidated damages under the Kentucky Wage Hour Law, punitive damages, costs and attorneys' fees. Barnett has moved to dismiss counts two, three, and four, contending that she is protected from these official capacity claims under the doctrine of sovereign immunity.

## II.

The analysis is essentially the same for motions brought under Rule 12(b)(6) and Rule 12(c). On a motion for judgment on the pleadings, the Court may look only to the pleadings and exhibits incorporated by reference in the complaint. *Weiner v. Klais & Co.*, 108 F.3d 86, 88 (6th Cir. 1997). In other words, the Court is limited to the facts alleged in the pleadings. When

---

[1] Barnett has previously taken the position that Morehead resigned and was not terminated. [Record No. 1, p. 12]

evaluating a motion to dismiss under Rule 12(b)(6), the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). This standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Thus, although the complaint need not contain "detailed factual allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks and alteration omitted).

### III.

#### A.    Sovereign Immunity

Barnett argues that Morehead's state common law claims against her should be dismissed because they are official capacity claims barred by sovereign immunity. It is well-settled under Kentucky law that, "when an officer or employee of a governmental agency is sued in her/her representative capacity, the officer's or employee's actions are afforded the same immunity, if any, to which the agency, itself, would be entitled." *Yanero v. Davis*, 65 S.W.3d 510, 522 (Ky. 2001). Further, county governments are cloaked with the same sovereign immunity from common law claims as the Commonwealth itself. *Schwindel v. Meade Cnty.*, 113 S.W.3d 159, 163 (Ky. 2003). This immunity covers county clerks such as Barnett who are elected pursuant to the Kentucky Constitution. *See St. Mathews Fire Prot. Dist. v. Aubrey*, 304 S.W.3d 56, 60

(Ky. Ct. App. 2009). Sovereign immunity "is an inherent attribute of a sovereign state that precludes the maintaining of any suit against the state unless the state has given its consent or otherwise waived its immunity." *Yanero*, 65 S.W.3d at 517.

### B. Count Two — Wrongful Discharge due to Alcohol Abuse

Morehead attempts to piece together two Kentucky statutes to claim that she was wrongfully discharged because of Barnett's alcohol abuse. *See* KRS § 61.180 and KRS § 446.070. First, she relies upon a penal statute regarding alcohol abuse:

> If any person holding a public office shall, while in the discharge of the duties of his office, become intoxicated, or unable, incompetent, or disqualified to discharge any of the duties of his office by the use of spirituous, vinous or malt liquors, he shall be fined not less than one hundred ($100) nor more than one thousand dollars ($1,000).

KRS § 61.180. Next, Morehead references the Kentucky statute authorizing a private cause of action for violations of state statutes. It provides:

> A person injured by the violation of any statute may recover from the offender such damages as he sustained by reason of the violation, although a penalty or forfeiture is imposed for such violation.

KRS § 446.070. Morehead argues that these two statutes, when read together, act as a legislative waiver of sovereign immunity. [Record No. 11, pp. 6-8]

However, Barnett urges that *Clevinger v. Bd. of Educ. of Pike Cnty.*, 789 S.W.2d 5 (Ky. 1990) (overruled on other grounds in *Cook v. Popplewell*, 394 S.W.3d 323, 325 n.3 (Ky. 2012)) is controlling. In *Clevinger*, the Supreme Court of Kentucky upheld the dismissal of damages sought pursuant to KRS § 446.070, finding that the doctrine of sovereign immunity protected the defendant school board from such claims. *See id.* at 9 (citing *Smiley v. Hart Cnty. Bd. Of Ed.*, 518 S.W.2d 785 (Ky. 1974)). *Clevinger* is instructive here for several reasons. First, the

*Clevinger* plaintiff also attempted to use KRS § 446.070 as a means to impose liability on the defendant for violating a Kentucky statute. *Id.* And the statute that was allegedly violated by the defendant in that case also applied only to public officials. *Id.* The *Clevinger* court held that the doctrine of sovereign immunity shielded the school board from liability because KRS § 446.070 did not waive the board's immunity. *Id*.

But Morehead's claim fails for other reasons. First, KRS § 446.070 contains no express waiver of sovereign immunity. *See Withers v. Univ. of Ky.*, 939 S.W.2d 340, 346 (Ky. 1997) (*quoting Murray v. Wilson Distilling Co.*, 213 U.S. 151, 171 (1909)) (Waiver will be found only where stated "by the most express language or by such overwhelming implications from the text as [will] leave no room for any other reasonable construction."). To accept Morehead's argument would mean that any statute applying to public officials could be coupled with KRS § 446.070 to act as a waiver of sovereign immunity. Such a result is contrary to clear precedent from Kentucky's Supreme Court and Court of Appeals. *See Withers*, 939 S.W.2d at 346 and *Dep't of Natural Res. v. Adkins*, 2012-CA-001310-MR, 2013 Ky. App. Unpub. LEXIS 806, at *2 n.2 (Ky. Ct. App. Oct. 4, 2013) ("[W]e agree that KRS § 446.070 does not constitute a broad waiver of sovereign immunity.").

In summary, because there is no express waiver of sovereign immunity in KRS § 446.070, and because Kentucky courts have previously held that KRS. § 446.070 does not constitute a waiver of sovereign immunity, Count Two of Morehead's complaint will be dismissed.

**C.     Count Three — Wrongful Discharge in Violation of Public Policy**

Morehead also alleges that she was wrongfully discharged because she invoked her right to inspect documents under Kentucky's Open Records Act, KRS § 61.870. She contends that this claim is not barred by sovereign immunity because she is seeking to enforce a contract against an instrumentality of the state. *See Commonwealth v. Whitworth*, 74 S.W.3d 695, 699 (Ky. 2002) ("A primary exception to sovereign immunity is the enforcement of a valid contract against an instrumentality of the state."). In support, Morehead points to several letters that she references in her complaint in an attempt to re-characterize her public policy claim as one actually arising out of an alleged employment contract.[2] [Record No. 11, p. 7]

In Count Three, Morehead states that she was an at-will employee who was discharged in violation of public policy. [Record No. 1, p. 10] She next alleges that the Kentucky Open Records Act constitutes a "well-established legislative enactment," and that she was discharged for invoking this right: "Ms. Morehead's discharge by Ms. Barnett was motivated, in whole or in part, to retaliate against Ms. Morehead for Ms. Morehead's reasonable exercise of her rights under the Kentucky Open Records Act. This discharge is a wrongful discharge under the *common law* of Kentucky."[3] [Record No. 1, p. 11 (emphasis added).]

Morehead has failed to state a claim for breach of an employment contract. The heading of Count Three is: "Count Three - Common Law -Wrongful Discharge-Public Policy[]." [Record No. 1, p. 10] She does not mention an employment contract or a breach thereof in

---

[2]     Although Morehead states that these letters are attached to the Complaint as an exhibit, there are no attachments to the Complaint at all. [Record. No. 11, p. 10; *see also* Record No. 1.]

[3]     The statements in the Complaint itself belie Morehead's assertions that her claims are not common law claims. [*Compare* Record No. 1 with Record No. 11, p. 7]

Count Three at all. [*See id.*, pp. 9-11.] Instead, Morehead admits that she was an at-will employee, and attempts to assert that her termination was in violation of public policy, which is an exception to at-will employment. [*Id.*] In short, there is simply no basis to find that Morehead has asserted a contract claim against Barnett such that an exception to sovereign immunity would apply. Accordingly, her wrongful discharge in violation of public policy claim against Morehead will be dismissed.

### D. Count Four — Fraud

Barnett argues that the Court should hold the motion in abeyance regarding her fraud claim until the end of discovery. [Record No. 11, p. 11] She asserts that her "purpose for the inclusion of Count Four was not to constitute a separate cause of action." [*Id.*] Rather, she contends that she asserted this claim to oppose any claim by the defendant that she voluntarily resigned her position. [*Id.*]

It is unnecessary for the Court to hold the motion in abeyance regarding this count. If the defendant seeks to argue that Morehead resigned (rather than quit), a separate claim of fraud is not necessary for Morehead to present contrary evidence. And the Court takes Morehead at her word that she was not attempting to assert a separate claim for fraud. Moreover, sovereign immunity "refers to the right to be free, not only from the consequences of the litigation's results, but from the burden of defending oneself altogether." *Lexington-Fayette Urban County Gov't v. Smolcic,* 142 S.W.3d 128, 135 (Ky. 2004) (citing *Fralin & Waldron, Inc., v. Henrico Cnty.Va.*, 474 F. Supp. 1315, 1320 (D.C. Va. 1979). Allowing Morehead's fraud claim to proceed to discovery would not serve the purpose of the doctrine of sovereign immunity.

Finally, because Morehead has asserted that she did not bring a separate claim of fraud, this count will be dismissed.

## IV.

Being sufficiently advised, it is hereby

**ORDERED** as follows:

1. Defendant Rhonda A. Barnett's motion for partial judgment on the pleadings [Record No. 10] is **GRANTED**. Counts Two, Three, and Four of the Plaintiff's Complaint are hereby **DISMISSED**, with prejudice.

2. No later than **July 1, 2014**, the parties are directed to file a joint report outlining proposed dates for disposition of the remainder of the Plaintiff's claims.

This 19th day of June, 2014.

Signed By:
*Danny C. Reeves* DCR
United States District Judge